William E. Hellerstein, Roger Brazill, The Legal Aid Soc. by Richard Greenberg, New York City, for petitioner.

Rudolph W. Giuliani, U.S. Atty. by Mary Anne Wirth, New York City, for respondents.

**Benjamin GARLAND, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION and Warden, Metropolitan Correctional Center, New York, New York, Respondents.**

**No. 84 Civ. 2450.**

United States District Court, S.D. New York.

April 11, 1984.

## OPINION

MILTON POLLACK, Senior District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the hearing on this matter, the petitioner's motion was denied. On application, leave to reargue was granted. Petitioner contends that he is not subject to being treated as having violated his Special Parole Term. His petition will be denied as heretofore held.

Petitioner was sentenced to three years imprisonment and a special parole term of five years in 1980. He began serving his sentence some time late in April, 1980. On April 23, 1982, petitioner was mandatorily released. He was to remain on mandatory release supervision until November 12, 1982, at which time his special parole term was to begin.

On May 23, 1982 petitioner was arrested. While a warrant charging petitioner with mandatory release violation based on this arrest was issued on October 25, 1982, that warrant was not served until March 7, 1983. The petitioner was thus on some form of federal probation or parole on November 12, 1982. Petitioner was treated by Probation Office of this Court as being on special parole as of that date.

Petitioner was arrested again on December 3, 1982.

On August 29, 1983, petitioner's mandatory release was revoked, and it was decided that he would remain in custody until expiration of his prison sentence. Petitioner was due to be released March 12, 1984. On that date, however, a warrant charging petitioner with alleged violation of special parole, based on petitioner's December, 1982 arrest, was lodged. A preliminary hearing was held on that warrant March 23, 1984; at that hearing, probable cause to retain prisoner in custody was found. Further action of the Parole Commission is awaited.

Petitioner seeks a writ of habeas corpus, on the ground that he cannot legally remain in prison as a result of any alleged violation of special parole. Petitioner contends that issuance of a warrant charging him with violation of mandatory release, and the subsequent revocation of such release, prevented him from ever being placed on "special parole." As such, petitioner argues that he could never have violated his "special parole" sentence.

The authorities cited by petitioner do not bear him out. 28 CFR § 2.44(d) appears merely to permit the Parole Commission to retake a parolee after the normal expiration date of the sentence. Although that regulation states that "... issuance of a warrant ... operates to bar the expiration of the parolee's sentence," that statement does not affect the instant case, as a special parole term is part of a convict's sentence. 28 CFR § 2.57(c), moreover, does not appear to contemplate a situation, such as this one, where a parolee violates the conditions of his Special Parole term after having first violated the terms of his mandatory release supervision. Finally, *Martin v. Luther*, 689 F.2d 109 (7th Cir.1982), is distinguishable from the instant case. In *Martin*, the warrant charging violation of mandatory release was issued and executed prior to the date on which Martin's special parole term was to begin.

Common sense indicates that petitioner's mandatory release period ended and his special parole period began on November 12, 1982; as a result, petitioner violated special parole by being arrested on December 3, 1982.

On reargument and reconsideration, the original disposition is adhered to, viz., motion denied.